[No. 4213.]

SMISSAERT ET AL. v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

APPELLATE PRACTICE—REMOVAL FROM COURT OF APPEALS TO SUPREME COURT—WAIVER.

Under section 2, page 173, Laws of 1899, cases then pending in the court of appeals and which are not within the final jurisdiction thereof may by any party thereto be removed to the supreme court upon motion at any time before or when the same is reached and ready to be set down on the calendar for argument or submission and a failure to make such motion within the time specified waives the right to have the judgment of the court of appeals reviewed by the supreme court. The rules of the court of appeals provide that on the second Monday of each month the first twenty-five cases on the submission docket shall be called, at which time application for oral argument must be made or the cases will be submitted without oral argument. *Held* that a failure to move to transfer a cause, pending in the court of appeals, at or before the time it was called to be set for oral argument was a waiver of the right of removal and a cause removed to the supreme court upon motion made after it is set for oral argument in the court of appeals will be remanded to the court of appeals.

*Transferred from Court of Appeals.*

*On Motion to Remand to Courts of Appeals.*

Messrs. Doud & Fowler, for appellants.

Messrs. Benedict & Phelps, for appellee.

Per Curiam.  The appeal in this cause was taken and the record lodged in the court of appeals, before the act of 1899, regulating the jurisdiction of that and this court to review causes on appeal, took effect.  February 12, 1900, this cause was set down for oral argument by the court of appeals, to be had on April 10, following.  April 5 preceding the date set for such argument, appellants moved to transfer the cause to this court, which motion was granted.  Appellee now moves to remand upon two grounds : (1) No questions are involved, giving this court jurisdiction; (2) the application to the court of appeals to remove to this court was not made within the time required by law.

We shall only consider the second ground.  In so doing, the following provision of the Laws of 1899, p. 173, must be construed : " Any cause pending in the court of appeals at the date of the taking effect of this act, and which, at said time, has not been finally submitted for the determination of said court, and which, under the terms of the act to which this is an amendment, is not within the final jurisdiction thereof, may, by any party thereto, be removed into the supreme court at any time before, or when the same is reached and ready to be set down upon the calendar of the said court for argument or submission, and that a failure so to do shall be deemed a waiver of the right to have the judgment of the court of appeals reviewed by the supreme court."

Rule 40 of the court of appeals provides : " On the second Monday of each month, the first twenty-five cases then undisposed of on the submission docket will be called.  Application in person or by attorney for oral arguments in any such cases must then be made, when they will be set down as the business of the court may permit.  If no application be made, the causes will stand upon the submission docket for determination."

Under this rule, this case was called and set down for oral argument as above noted.  After such order the motion to transfer to this court was made.  Counsel for appellee claims that the motion to remove from the court of appeals was made too late; in other words, not having been interposed at the time when the cause was called for oral argument, or before, it has been waived.  On behalf of appellants it is contended that according to the language of the statute above quoted, the motion to remove was in apt time, because made before final submission, in that, as they construe the statute, a failure to make such motion shall only be deemed a waiver of the right to have the judgment of the court of appeals reviewed by the supreme court, their position being (quoting from their brief), " Appellants are not asking for the review of the judgment of the court of appeals here; they ask for the review of the judgment of the district court of Arapahoe county.  The waiver of a right not claimed is certainly not conclusive against a different right, which is claimed."

The object of the act from which we have quoted is to require parties to actions pending in the court of appeals, which had not been finally submitted at the time it took effect, to take certain steps within a specified time; otherwise, the judgment of that tribunal in actions involving questions of which this court would have jurisdiction to determine, is final.  Our construction of the rule above quoted is, that causes are called for the purpose of determining whether or not counsel upon either side desire oral argument.  If a request for such argument is made, the cause is set for oral argument on a specified date; if not, it stands submitted.  The statute provides that when such call is made for the purpose specified in the rule, that unless application is then made for removal to this court, the right to have the judgment of the court of appeals reviewed is waived.  That is the final date when the party desiring a removal must take steps to that end.  True, the statute says that unless interposed at that time, the right to a review of the judgment of the court of appeals is waived.  That result follows, because the motion to remove has not

been interposed at or before the time fixed therefor, and for the reason that consenting to an oral argument, or to the submission of the cause without one, and without demand for a removal, submits the cause to the final jurisdiction of that court. The limitation of the time when affirmative action must be taken to remove, logically precludes the right to exercise it after that date.

The motion to remove from the court of appeals came too late, and for this reason the motion to remand is sustained.

*Motion to remand sustained.*